RECEIVED
MAY - 2 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| EVA MAE FONTENOT, ET AL. | CIVIL ACTION NO. 08-0517 |
| VERSUS | JUDGE DOHERTY |
| CITY OF VILLE PLATTE | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the "Motion to Strike Penalty, Punitive or Exemplary Damages" filed by defendant the City of Ville Platte. [Doc. 3]. The motion is opposed by plaintiffs. [Doc. 8]. For the following reasons, the motion is GRANTED.

Plaintiff filed the instant lawsuit in the 13th Judicial District Court for the Parish of Evangeline "as a result of the wrongful actions of the Ville Platte Police Department [in] falsely incarcerating and imprisoning plaintiffs." Plaintiffs allege they are entitled to "damages in an amount to be determined by the court for [the City's] actions in arresting petitioners without cause or justification to any nature what so ever" and furthermore for

> all damages to which the plaintiffs are entitled, including but not limited to mental pain and anguish, embarrassment and humiliation, physical pain and anguish in staying in fail for (5) days without cause and for all suffering both physically and mentally for their confinement and the embarrassment and humiliation for which they are entitled under the laws of the State of Louisiana.

The City of Ville Platte removed the instant lawsuit to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441(a)(b).

In its motion, the City of Ville Platte argues that, to the extent plaintiffs are seeking penalty, punitive, or exemplary damages in seeking "all damages to which the plaintiffs are entitled" – either

available in an action brought pursuant to 42 U.S.C. §1983. Plaintiffs respond they are not seeking punitive damages, nor are they seeking relief pursuant to federal law. Rather, plaintiffs contend they are seeking damages for false arrest and false imprisonment *under Louisiana law* and that they have not and will not raise issues involving any federal question. Consequently, plaintiffs seek "dismissal" of defendant's motion and a remand of the instant lawsuit.

It is well-established punitive damages cannot be imposed against a municipality in a §1983 action. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Here, although plaintiffs allege they are not seeking damages pursuant to Section 1983, defendants argue plaintiffs' allegations of "false arrest" and "false imprisonment" are couched under Section 1983 and, on their, face raise questions of subject matter jurisdiction over plaintiffs' claims. To the extent plaintiff's claims for damages include – either directly or by implication – a claim for penalty, punitive, or exemplary damages under 42 U.S.C. §1983, such claim(s) are not permitted under established law and defendant's motion to strike such claims is GRANTED.

However, plaintiffs now have raised a question of subject matter jurisdiction, albeit in an improper procedural vehicle. A motion to remand is not raised in passing in an opposition brief such as the one filed herein, but rather, must be filed by separate motion. Consequently, the question of remand is not properly before the Court at this time and thus, this Court makes no ruling on that matter.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 2nd of May, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-2-